# WHITFIELD N. ALLEY

## v.

# JAMES McCABE.

*Bills of Exceptions—Death of Judge—Appeal and Error—Replevin.*

1.   If parties take time in which to present bills of exceptions, they take the risks of events, such as the death of the trial judge.

2.   If the damages in excess of the jurisdiction of the justice before whom is brought an action of replevin, accrue pending an appeal from the judgment rendered therein, the court appealed to may give judgment therefor.

[Opinion filed November 15, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. RANDALL W. BURNS and RICH & STONE, for appellant.

Messrs. WINSTON & MEAGHER, for appellee.

MR. JUSTICE GARY.   On the 16th day of May, 1889, the appellant sued out, before a justice of the peace, a writ of replevin against the appellee for, as the affidavit described, " One bay mare, about ten years old, blind in left eye, white spot on off hind foot," of the value of fifty dollars.   On the day for a trial the appellant did not appear, and judgment was rendered in favor of the appellee for a return of the property.   That was May 28, 1889.   Appellant appealed to the Circuit Court and there on the 20th day of January, 1892, a verdict of a jury was in favor of the appellee, and assessing his damages at $485.   March 7, 1892, judgment was entered on the verdict, from which this appeal is prosecuted.

There is not, and never can be, any bill of exceptions.   The case was tried before the late Judge George Driggs, and the

time for filing a bill of exceptions had not expired when he died.

The court does not stand toward parties litigant in the relation of a special providence, to temper the wind to the shorn lamb, but as a reviewer of records, to determine that they do, or do not, show prejudicial error. Excelsior Electric Co. v. Chicago Waifs', etc., School, 41 Ill. App. 111.

If parties take time in which to present bills of exceptions, they take the risk of events. Otherwise the time granted for the convenience of one party, would be to the possible prejudice of the other.

However improbable it may be that the damages for the use of the mare from the time she was taken from the appellee, until the verdict, could have been so large as the jury awarded, yet we can not know judicially that either by her service or her increase such use was not so valuable.

If the damages in excess of the jurisdiction of the justice accrued pending the appeal, the Circuit Court could give judgment for them. The principle of Redner v. Davern, 41 Ill. App. 245, and of the many cases there collected, applies.

The judgment must be presumed to be right unless the record shows it to be wrong.

The judgment is affirmed.

*Judgment affirmed.*