# W. N. ALLEY

*v.*

## JAMES McCABE.

*Filed at Ottawa October 26, 1893.*

1. BILL OF EXCEPTIONS—*must be signed by the judge.* A paper purporting to be a bill of exceptions, copied into the transcript of the record, not signed by the judge who tried the case, can not be considered by this court as a bill of exceptions, for the reason that the trial judge died before the time allowed by him for filing the same. Attorneys can not, by putting a paper on file and calling it a bill of exceptions, give it that effect.

2. SAME—*how supplied—death of trial judge without signing.* If the Appellate Court may be asked to resort to the extreme measure of granting a new trial merely because a bill of exceptions could not be obtained, every reasonable effort should be made by the appellant to avoid that necessity. If application is made to another judge to sign the bill on the ground of the death of the trial judge, the applicant should offer to show that it is correct. If the application fails to show that fact, or the refusal of the other judge to sign the bill, the party can not be relieved of the hardship caused by the death of the trial judge.

3. SAME—*when required.* If any of the errors assigned appear from the record proper on appeal, no bill of exceptions will be necessary to present the same, and the want of a bill of exceptions will be no ground for dismissing the appeal.

4. SAME—*what matters to be considered.* This court can not consider errors assigned questioning the rulings of the trial court in the admission and exclusion of evidence, the giving and refusing of instructions, and refusing a new trial, in the absence of a proper bill of exceptions.

5. Neither the Appellate Court nor this court is vested with power to grant new trials merely for the purpose of relieving a party of hardship resulting from some defect of the record, even though he is chargeable with no omission of duty or negligence whatever.

6. On appeals and writs of error these courts sit merely for the purpose of reviewing the record upon errors properly assigned, and to reverse and remand cases to be retried, only when it is shown that error has been committed in the former trial.

7. JUSTICE OF THE PEACE—*iurisdiction in replevin.* Justices of the peace in this State have jurisdiction, in replevin, when the value of the property claimed does not exceed $200; and when the justice has jurisdiction at the time the suit was brought, the circuit court, on appeal, will also have jurisdiction, although the damages awarded against the plaintiff may exceed that amount.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Mr. RANDALL W. BURNS, and Messrs. RICH & STONE, for the appellant:

A justice of the peace has no jurisdiction in any amount in excess of $200. *Kennedy* v. *Pennick,* 21 Ill. 597; *Dodge* v. *People,* 113 id. 496.

The trial, on appeal from a justice's court, is *de novo.* *Swingley* v. *Haynes,* 22 Ill. 214; *Frye* v. *Tucker,* 24 id. 180; *Stephens* v. *Cross,* 27 id. 35; *Eicheberger* v. *Garvin,* 7 Ill. App. 113; *Reynolds* v. *DeGier,* 13 id. 113.

As to the rights and remedy of a party failing to obtain a bill of exceptions without fault, see *Lumber Co.* v. *Langman,* 23 Ill. App. 250; *Bass* v. *Swingly,* 42 Kan. 737; *Crittenden* v. *Schermerhorn,* 35 Mich. 370; *People* v. *Judge of Superior Court,* 40 id. 630; *Burton* v. *Green,* 94 N. C. 215; *State* v. *Weeskettle,* 64 Md. 218; *Commissioners* v. *Steamship Co.* 98 N. C. 163; *Galbraith* v. *Green,* 13 S. & R. 85.

The proposed bill of exceptions was filed April 6, 1892, within apt time. The appellant was therefore not guilty of *laches* in not presenting his bill of exceptions until his motion for new trial had been overruled. *Gary case, supra; People ex rel.* v. *Williams,* 91 Ill. 87; *Hawes* v. *People,* 129 id. 123, and cases there cited.

Messrs. WINSTON & MEAGHER, for the appellee:

An appellate court can not relieve a party who has been prevented, by causes beyond his control, from preserving his exceptions on a trial. It is out of the power of such a court to avoid the force of those circumstances, or alleviate them in the least degree. *O'Hare* v. *People,* 40 Ill. 533.

A bill of exceptions, unsigned or unsealed, by the judge of the court below in which the action was tried, will not be considered in an appellate court. *Railroad Co.* v. *Gilchrist,* 9 Ill. App. 135; *People* v. *Coultas,* 9 id. 39; *Gale* v. *Rector,* 10 id. 262; *Bunker Hill* v. *Johnson,* 12 id. 255; *Railroad Co.* v. *Peterson,* 15 id. 149; *Widows and Orphans* v. *Powers,* 30 id. 82; *Jones* v. *Sprague,* 2 Scam. 55; *Miller* v. *Jenkins,* 44 Ill. 443; *Reeves* v. *Reeves,* 54 id. 332.

Before an appellate court can review a case on appeal, the record must show, by means of a bill of exceptions, a motion for a new trial, same overruled, and exception. *James* v. *Dexter,* 113 Ill. 654; *Reichwald* v. *Gaylord,* 73 id. 503; *Manufacturing Co.* v. *Horton,* 74 id. 310; *Daniels* v. *Shields,* 38 id. 197; *Dickhut* v. *Durrell,* 11 id. 72; *Law* v. *Fletcher,* 84 id. 45; *McClurkin* v. *Ewing,* 42 id. 283; *Gould* v. *Howe,* 127 id. 251; *Harris* v. *People,* 130 id. 457; *Nason* v. *Letz,* 73 id. 371; *Martin* v. *Foulke,* 114 id. 206; *Gage* v. *Goudy,* 128 id. 566; *People* v. *McCoy,* 132 id. 138; *Railway Co.* v. *Benham,* 25 Ill. App. 248; *Foreman* v. *Johnson,* 37 id. 452; *Shedd* v. *Dalzell,* 30 id. 356; *Alley* v. *Limbert,* 35 id. 592.

Every presumption indulged to sustain the ruling and judgment of the trial court. *Railroad Co.* v. *Gilchrist,* 9 Ill. App. 135; *Yaeger* v. *City of Henry,* 39 id. 21; *Treishel* v. *McGill,* 28 id. 78; *Rich* v. *Hathaway,* 18 Ill. 548; *Tug Boat* v. *Waldron,* 62 id. 221; *Goodrich* v. *Minonk,* 62 id. 121; *Schmidt* v. *Braley,* 112 id. 48; *Gould* v. *Howe,* 127 id. 251; *Thompkins* v. *Mann,* 6 Ill. App. 172.

Where a party is prevented from settling his bill of exceptions by the death of the trial judge, the proper practice would

seem to be to go into a court of equity. *Leigh* v. *Arnor*, 39 Ark. 123; *Luifong* v. *Hendricks*, 2 Gratt. 212.

If an inferior court has jurisdiction, *ab origine*, no subsequent fact arising in the case can defeat it, when it was lawful in the inception. *Tindall* v. *Meeker*, 1 Scam. 137; *Mitcheltree* v. *Sparks*, id. 198; *Guild* v. *Hall*, 91 Ill. 223.

A plaintiff in a replevin suit is bound by the estimate of the value of the property made by himself, although the defendant is not bound by the value mentioned in the writ, if he desires to dispute it. Wells on Replevin, sec. 453.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellant brought an action of replevin against appellee, before a justice of the peace, to recover a mare, alleged to be of the value of $50. The judgment in the justice's court was for the defendant, and plaintiff appealed to the circuit court of Cook county, where, after a delay of about two years and eight months, a trial by jury resulted in a judgment in favor of defendant, for a return of the property and $485 damages. The defendant prayed, and was allowed, an appeal to the Appellate Court for the First District, and thirty days in which to file an appeal bond and bill of exceptions. The bond was duly filed and record sent to the Appellate Court. The Appellate Court affirmed the judgment of the circuit court, but made a certificate of importance, upon which this appeal is prosecuted. A motion is now made by appellee to dismiss the appeal, on the ground that no bill of exceptions appears in the record.

The sixth assignment of error, though imperfectly written, is intended to question the power of the court to enter a judgment for a sum in excess of $200,—the limit of the jurisdiction of a justice of the peace. The facts upon which that error is assigned appear from the record proper, as made up by the clerk, and no exception was necessary. (*Wiggins Ferry*

*Co.* v. *The People ex rel.* 101 Ill. 446.) The fact, therefore, that no bill of exceptions appears in the record is no ground for dismissing the appeal.

That no bill of exceptions was signed and sealed by the judge who tried the case is admitted, and yet there is written in the record what counsel for appellant call, and ask us to treat, as a bill of exceptions. That such a practice can not be countenanced is too apparent to be worthy of serious consideration. It amounts to asking us to say that a bill of exceptions can be made by the attorneys in a case without reference to the court. This request is based upon the statement of counsel, that the judge who tried the case died before the time allowed by his order for filing the bill of exceptions expired, and therefore, without fault on the part of appellant, his signature could not be obtained. Whether a remedy can be found for appellant in such case or not, it is clear that the attorneys themselves can not, by putting a paper on file and calling it a bill of exceptions, give it that effect.

That we can not consider the errors assigned questioning the rulings of the trial court in the admission and exclusion of evidence, the giving and refusing of instructions, and overruling appellant's motion for a new trial, in the absence of a proper bill of exceptions, has been so repeatedly decided that a citation of the cases is unnecessary. It is, however, earnestly contended, that inasmuch as appellant has been, as is said, deprived of the benefit of a bill of exceptions through no fault or negligence on his part, the Appellate Court should, for that reason, have granted him a new trial, and in support of this position counsel cite *The People ex rel. Campon* v. *Judge of Supreme Court*, 40 Mich. 630, *Bennett* v. *Peninsular and Oriental Steamboat Co.* 32 Eng. L. & Eq. 318, *Owens* v. *Paxton*, 106 N. C. 480, and *Galbraith et al.* v. *Green*, 13 S. & R. 85. The strongest case seems to be that of *State, use of Samuels* v. *Weeskettle*, 61 Md. 48, where it is said: "It is the established practice now, both in England and in this State, that when

a party, without *laches* on his part, loses the benefit of his bill of exceptions by the death or illness of a judge, so that he can not get his exceptions signed and sealed, he will be entitled to a new trial, notwithstanding the lapse of considerable time. (Alex. British Stat. 133 ; *Bennett* v. *Pen. & O. S. Co.* 32 E. L. &. Eq. 31 ; *Newton* v. *Boodee,* 54 E. C. L. 795.) In the last cited case seventeen months had elapsed, yet the court thought it possible the party might be entitled to a new trial, and therefore laid a rule to show cause why a new trial should not be allowed. In this State it is not admissible for another judge to pass upon the correctness of his predecessor's ruling in such case. The new trial will go, as a matter of course, where the exceptions were not signed and sealed, and can not be without default of the exceptant."

We do not understand that the Appellate Courts of this State, or this court, is vested with power to grant new trials merely for the purpose of relieving a party of hardship resulting from some defect in the record, even though he is chargeable with no omission of duty or negligence whatever. On appeals and writs of error these courts sit merely for the purpose of reviewing the record upon errors properly assigned, and reverse and remand cases to be retried only when it is shown that error was committed in the former trial. The rule contended for does not address itself to our sense of justice. All presumptions are in favor of the fairness, impartiality and regularity of the proceedings of the trial court. The party in whose favor the judgment has been rendered, is, on appeal or writ of error, entitled to the benefit of those presumptions, and yet this rule deprives him of his judgment, and sends him back to the trial court to re-establish his claim, because, as is said, his adversary has been, without his fault, deprived of the means of pointing out errors which are said to have been committed on the former trial. Conceding that appellant could not, by any means, have relieved himself of the hardship resulting from the death of Judge Driggs, we can

see no good reason or justice in transferring that hardship to appellee.

But this record falls far short of showing that appellant used due diligence to obtain a bill of exceptions. All that it does show is, that the trial judge allowed him thirty days within which to file his bill of exceptions, and that time had not expired when the judge died. When he died, or whether the bill was ever presented to him, or an effort made to do so, is not shown. The question whether, under our present system for holding circuit courts, there being at least three judges in each circuit, with official reporters, a bill of exceptions could, in any case, be properly signed and sealed by a judge other than the one who presided at the trial, is not raised on this record, and is not decided. While the record recites that appellant's attorneys "suggested the death of George Driggs, before whom this case was tried, and presents to this court his bill of exceptions, and asks the same may be approved by this court and filed here," no offer was made to show that the bill presented was correct, or whether it was made from the official reporter's notes, or otherwise. In fact there is nothing in this record to show that the judge to whom the bill of exceptions was presented refused to sign it. It simply shows that he extended the time for filing a bill of exceptions, first ten and afterwards thirty days. At all events, even under the authority of the cases cited, before the Appellate Court could be asked to resort to the extreme measure of granting a new trial merely because a bill of exceptions could not be obtained, every reasonable effort should have been made by appellant to avoid that necessity.

It only remains to be seen whether the circuit court erred in entering judgment for a sum in excess of the jurisdiction of a justice of the peace.

The effect of the decisions in *Tindall* v. *Meeker*, 1 Scam. 137, and *Mitcheltree* v. *Sparks*, id. 198, is to hold that when a justice of the peace has jurisdiction in the first instance, "no

subsequent fact arising in the case can defeat it, and on a trial upon appeal the circuit court should enter a judgment for the amount then appearing to be due, although it exceeds the jurisdiction of the justice of the peace, the excess being for interest accrued after the suit was begun." See *Rives* v. *Kumler*, 27 Ill. 293; *Guild* v. *Hall*, 91 id. 223.

Justices of the peace in this State have jurisdiction, in replevin, where the value of the property claimed does not exceed $200. (Rev. Stat. chap. 79, sec. 13; 2 Starr & Curtis, 1435.) Section 22, chapter 119, entitled "Replevin," (2 Starr & Curtis, 2016,) provides, that if the plaintiff fails in his suit, judgment shall be given for a return of the property, and damages for the use thereof from the time it was taken until a return thereof shall be made, etc. That the justice of the peace before whom this action was begun had jurisdiction is not denied. That he had the power to render a judgment in favor of the defendant for damages for the use of the property, to an amount not exceeding $200, can not be seriously questioned. On the trial in the circuit court the jury found the damages had grown beyond that amount,—that damages for the use of the property had accrued after the judgment of the justice of the peace. Judgment may be entered for these increased damages in the circuit court, its jurisdiction being unlimited, on the same principle that it could, on appeal, render a judgment for a sum increased beyond the justice's jurisdiction by accrued interest. In fact, the measure of damages in replevin is often interest on the value of the property for the time it is detained, though that is not the rule in this State as to the class of property here in question. (*Butler* v. *Mehrling*, 15 Ill. 488.) Suppose, however, the property detained had been bank checks, as in *Merchants' Savings, Loan and Trust Co.* v. *Goodrich*, 75 Ill. 554, would it be possible to distinguish the case from that of *Tindall* v. *Meeker*, and other cases cited above? The principle is the same, whether the damages be estimated by way of interest on the value of the

27—147 ILL.

property or the use of an animal. Any other rule would work injustice. Property is wrongfully replevied before a justice of the peace; the plaintiff is defeated, and appeals to the circuit court; before a trial can be had the value of the use of the property may have grown to $400; the plaintiff is again defeated; but under the rule here contended for he could say to the defendant, You must take a judgment for half your actual damages, because I chose to bring the action in a court having jurisdiction only in sums of $200.

While the damages allowed in this case seem disproportionate to the value of the animal sued for, it can readily be seen that the daily use of a horse, even of little market value, might, in two years and eight months, amount to the sum allowed, or even more.

No reversible error is shown in this record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*