201 P.2d 121

**YERGER v. BROSS et ux.**

No. 5148.

Supreme Court of Arizona.

Dec. 31, 1948.

Lesley B. Allen and Victor M. David, both of Tucson, for appellant.

Clifford R. McFall, of Tucson (Thomas Chandler, of Tucson, of counsel) for appellees.

LA PRADE, Justice.

Judgment in favor of appellees was entered on February 11, 1948, following a verdict in their favor. Within the time prescribed by the rule appellant filed a motion for a new trial followed by an amended motion and a second amended motion. In the latter motion it was alleged and not controverted that the court reporter who had reported the evidence was temporarily incapacitated and that appellant would not be able to perfect his record within ninety days from the date of giving notice of appeal. The motion for a new trial was denied. Notice of appeal from the judgment was filed April 12th. By timely order the time within which to transmit the record on appeal was extended for the full ninety-day period. See section 21-1817, Arizona Code Annotated 1939. After the appeal was lodged in this court appellant applied for an order extending the time within which to secure a transcript of the evidence, setting up that the court reporter was still unable to prepare the transcript due to physical illness. On this showing an order was made extending the time within which to complete the record on appeal to December 1, 1948. On this date appellant filed a motion requesting this court to direct the trial court to grant him a new trial on the ground that he cannot be heard on appeal from the judgment rendered due to the fact that it then and now appears that no transcript of reporter's notes can ever be had because of permanent disability of the reporter. It was also shown on sufficient proof that no other person could transcribe these particular notes. It thus appears that appellant through no fault of his is unable to secure a transcript of the reporter's notes of the evidence and will be precluded from effectually prosecuting his appeal since he asserts that only by a complete transcript of the testimony can he present the issues of his appeal

On December 4th appellees moved to dismiss the appeal for the reason that no abstract of record or transcript or brief had been filed within the extended time, and also filed a motion to dismiss or strike the motion petitioning this court to direct the trial court to grant appellant a new trial. Appellees resist the application of appellant upon the ground that jurisdiction to entertain and dispose of motions for a new trial is vested in the superior court in the first instance, and that it is not within the jurisdiction of the Supreme Court to grant

appellant a new trial except when the judgment or orders appealed from have been reviewed upon appeal. The point made is that the Supreme Court has no original jurisdiction to entertain an original motion for a new trial.

The question presented by the application has never been considered by this court. The authorities are not agreed on the question. From cases cited in Snell v. Neilson, 50 Cal.App. 27, 194 P. 530, many of which are considered in Richardson v. State, 15 Wyo. 465, 89 P. 1027, 12 Ann.Cas. 1048, and in the note to that case found in 12 Ann.Cas. 1056, there seems to be a divergence of opinion on the question. Many cases hold that where appellant through no fault of his own is unable to prepare a record on appeal due to illness or death of judge or court reporter a new trial is properly awarded in order that substantial justice may be done. Others rest upon the circumstance that the statutes do not define the causes for which a new trial may be granted thereby permitting a freedom of interpretation as to what is a cause for a new trial. Still others depend upon the fact that appellate courts in such jurisdictions have independent powers to grant new trial. See Anno. 13, A.L.R. 102. Some courts have flatly denied relief under the circumstances under consideration for the reason that all presumptions are in favor of the regularity of the proceedings in the trial court and that the party in whose favor the judgment was rendered should not be deprived of it and subjected to the expense and hazards of a new trial. To hold otherwise would be to transfer appellant's misfortune to appellee. See Alley v. McCabe, 46 Ill. App. 368, Id., 147 Ill. 410, 35 N.E. 615; Morin v. Claflin, 100 Me. 271, 61 A. 782.

There is no occasion for us to resort to general statements of the law applicable in different jurisdictions until we have first had access to our own Constitution and statutes. The question of jurisdiction is the matter of first consideration. This is governed so far as original jurisdiction is concerned by article 6, section 4 of the Constitution of Arizona, which so far as material reads:

"The Supreme Court shall have original jurisdiction in habeas corpus, and quo warranto and mandamus as to all state officers. * * *"

"The Supreme Court shall have original and exclusive jurisdiction to hear and determine all causes between counties concerning disputed boundaries and surveys thereof, or concerning claims of one county against another. * * *"

The provisions relating to the appellate jurisdiction of this court are contained in the same section and when compared with constitutional provisions of other states are brief and meager. They read:

"* * * It shall have appellate jurisdiction in all actions and proceedings, but

its appellate jurisdiction shall not extend to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the validity of a tax, impost, assessment, toll, municipal fine, or statute.

"The Supreme Court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, *and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction."* (Emphasis supplied.)

With the exception of the issuing of writs of habeas corpus, quo warranto, and mandamus all other jurisdiction of this court is appellate and revisory. Graham v. Moore, 56 Ariz. 106, 105 P.2d 962.

▆▆▆ Although our Constitution provides that the Supreme Court shall have appellate jurisdiction in all actions and proceedings, article 6, section 4, Arizona Constitution, nevertheless, " * * * the method and manner of taking and perfecting appeals and presenting questions for review are, however, peculiarly matters of statutory regulation, and there must be a substantial compliance with the statute provided in order to confer jurisdiction upon the appellate court.

"The appellate is charged with the duty of taking his appeal and presenting his case for review in the manner provided by law, and error in this regard affects the jurisdiction of this court." Miami Copper Co. v. Strohl, 14 Ariz. 410, 130 P. 605, 608.

To the same effect is Burmister v. City of Prescott, 38 Ariz. 66, 297 P. 443; Duncan v. Superior Court, 65 Ariz. 193, 177 P. 2d 374; and in Re Guardianship of Sears, 44 Ariz. 408, 38 P.2d 308, 309, it is said: " * * * An appeal is a matter of privilege granted by the Constitution or statute and not a matter of right, and if an appeal from an order, judgment, or proceeding is not expressly and affirmatively granted, the right does not exist. (Citing Arizona cases.)"

▆▆▆ The statutory and rule provisions relating to new trials are to be found in article 13 of chapter 21, A.C.A.1939, sections 21-1301 to 21-1310, and relate to procedure in the superior court. The statutory rule defining the authority of the Supreme Court on appeal is contained in section 21-1832, A.C.A.1939, which reads:

"Supreme Court may affirm, reverse, or modify—Restitution on reversal.—The Supreme Court may affirm, reverse, or modify any judgment or order appealed from, and may render such judgment or order as the court below should have rendered, or may remand the cause to the court below with directions to render such judgment or order, or may direct that a new trial or other proceedings be had, as justice may require, accompanying the mandate with a copy of its opinion. When the judgment or order is reversed or modified the

court may take complete restitution of all property and rights lost by the erroneous judgment or order. If two (2) judges do not concur the case shall be reheard."

We interpret this section to mean that the appellate jurisdiction of this court is limited to reviewing upon appeal the judgments and orders of the superior court. A litigant perfecting an appeal is pursuing the right that he has to call for the exercise of such powers as this court possesses to review upon appeal the judgment and orders of the superior court. The motion for a new trial in this case is not addressed to the appellate jurisdiction of this court and its consideration does not call for review of any judgment or order of the trial court. It is rather in the nature of an original proceeding, which, so far as we are able to ascertain, this court does not have the power to entertain. To the same effect see State v. Ricks, 32 Idaho 232, 180 P. 257, 13 A.L.R. 99, and note at page 102; Diamond v. Superior Court of State of California, 189 Cal. 732, 210 P. 36. The latter case was decided before the adoption of section 953e (amendment), Code of Civil Procedure of California. This section is entitled: "Impossibility of obtaining a transcript because of death or disability of reporter: Vacation of judgment or granting new trial." For interpretations of the latter section see note in 25 Cal.Law Rev. 114.

 Relying upon statement of counsel for the appellant to the effect that he can-

not secure a copy of the transcript of the testimony and that it is impossible for him to secure an agreed statement of facts in narrative form as a basis for presenting the issues that he desires to have considered on appeal, it appears that the appeal will have to be dismissed.

The motion petitioning this court to direct the trial court to grant appellant a new trial is denied and the appeal is ordered dismissed.

STANFORD, C. J., and UDALL, J., concur.