368 P.2d 448

**Emo MANTOVANI and Ethel Mantovani, husband and wife, Appellants,**

**v.**

**Patrick George GREEN and Jane Doe Green, husband and wife, Basil Le Cave and Esther Le Cave, husband and wife, doing business as Le Cave's Bakery, and Pima Truck Sales, Inc., an Arizona Corporation, Appellees.**

**No. 7106.**

Supreme Court of Arizona.

En Banc.

Jan. 17, 1962.

Douglas C. Howard, and Norman S. Herring, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond, Tucson, for appellees.

WINDES, Justice (Retired).

Personal injury action by appellant Emo Mantovani, hereinafter designated "plaintiff", against Basil Le Cave and wife and Patrick George Green, appellees hereinafter referred to as "defendants". Judgment was ·entered on a jury verdict for defendant and plaintiff appeals, assigning errors of the trial court in giving and refusing certain instructions.

Plaintiff complains because the court gave to the jury defendants' requested instruction as follows:

"You are hereby instructed that ordinary prudence requires every person to use his eyes for his own protection and to avoid places of danger. The failure of a person to make a reasonable use of his facilities of sight to discover danger constitutes negligence; nor is a person excused by the fact that he did not see what would have been obvious had he made reasonable use of his eyesight under the circumstances.

"If you find in this case that the Plaintiff, Emo Mantovani, failed to use reasonable care under the circumstances in observing a dangerous condi-tion and such failure contributed to his injuries, then your verdict should be for the Defendants."

Plaintiff argues that this instruction amounts to a comment upon the evidence and assumes the existence of disputed facts, to wit: that there existed a dangerous condition which was observable to the plaintiff and that the plaintiff allowed himself to be in a place of danger. Plaintiff chose not to bring before us a transcript of evidence to enable us to determine whether these facts were disputed. If the undisputed evidence showed a dangerous condition which was observable to the plaintiff, the court could properly assume the existence thereof. Error will not be presumed. Plaintiff must affirmatively show its existence. Not having the evidence to test whether the court assumed a disputed fact, we must presume the undisputed fact basis for the instruction. Yerger v. Bross, 68 Ariz. 104, 201 P.2d 121. Therefore we cannot say that the court erred in giving the instruction.

It is also contended that the instruction was mandatory in nature in that it compelled the jury to find for the defendant if there was contributory negligence. The instruction is not susceptible of such construction. It merely told the jury in effect that if there was contributory negligence it should find for the defendant but left the final decision to the jury. This form of instruction has been approved. Layton v.

Rocha, 90 Ariz. ——, 368 P.2d 444 (No. 7196, decided January 17, 1962). It is merely advising the jury as to its duty without compelling certain action.

■ Objection is made to the giving of defendants' instruction, which reads:

"You are instructed that even if you find that the Defendants were negligent, if you find that the Plaintiff, Emo Mantovani, was also negligent, and that his negligence contributed to his injuries in this case, your verdict should be for the Defendants.

"You are further instructed that the law does not recognize degrees of fault in this type of case, and the rule is not changed by the fact that one party was more negligent than the other, if you find this to be the case. Thus, if you find that both the Defendants and the Plaintiff, Emo Mantovani, were guilty of negligence, and that the negligence of both contributed to the damages, you are instructed that your verdict should be for the Defendants, regardless of whether either was more negligent than the other."

The main contention is that the court should not have told the jury that if there was contributory negligence its verdict should be for the defendants regardless of whether one was more negligent than the other. The effect of the instruction is that if plaintiff's negligence contributed to the injury in any degree its verdict should be for the defendants. This form of instruction has been approved. Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169.

Error is assigned because the court refused to give five instructions submitted by plaintiff. These proposed instructions are lengthy. It is contended they should have been given for the reason that other instructions of the court on the subject did not tell the jury it was the trier of both law and fact. Such instruction would have been inappropriate. The other contention is that a reading of all the instructions show inadequately the nature of contributory negligence. However, plaintiff fails to show us wherein they were inadequate.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J. and LOCKWOOD, J., concur.

Justice STRUCKMEYER, J., having disqualified himself, Justice DUDLEY W. WINDES (Retired) was called to sit in his stead and participate in the determination of this appeal.

JENNINGS, Justice (specially concurring).

For the reasons stated in the dissent in the case of Layton v. Rocha, 90 Ariz. ——, 368 P.2d 444, I concur in the result but not the reasoning in the opinion herein.