399 P.2d 176

**The STATE of Arizona, Appellee,**

v.

**Phillip Ray EDWARDS, Appellant.***

**No. 1 CA–CR. 7.**

Court of Appeals of Arizona.

Feb. 24, 1965.

to this Court pursuant to Section 12–120.23, A.R.S.

Dennis I. Davis, Show Low, for appellant.

Robert W. Pickrell, former Atty. Gen., Darrell F. Smith, present Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

CAMERON, Judge.

This is an appeal following a plea of guilty of Burglary in the first degree.

The statement of facts filed by the County Attorney of Navajo County indicates that the defendant was accused of entering a tavern in Pinetop, Arizona, after first breaking a glass door with a rock. Soft drinks and bologna were consumed on the premises and a loaded rifle, items of clothing, bottles of liquor and some change were taken. Defendant was arrested 26 May, the day after, and appeared for arraignment before the Superior Court of Navajo County on 2 June, 1964.

At the time for arraignment on 2 June, defendant requested that an attorney be appointed to represent him. A court reporter was not present, but the following minute entry was made:

"June 2, 1964—11:35 A.M.
"PRESENT IN COURT: Melvyn T. Shelley, Presiding; John Taylor, County Attorney; Lafe S. Hatch, Clerk.
"BY THE COURT: Let the record show the defendant has received a copy of the Information. He requested an attorney and was sworn and questioned as to his ability to pay for lawyer fees. Time for arraignment is set for June 8, 1964, at 9:30 A.M. The Court finds the defendant is not an indigent person and can hire his own attorney."

Defendant then appeared before the Superior Court on 12 June, 1964, and the minutes contain the following words:

"June 12, 1964, 9:25 A.M.
"PRESENT IN COURT: Melvyn T. Shelley, Presiding; John Taylor, County Attorney; Lafe S. Hatch, Clerk.
"BY THE COURT: *************** Record can show the defendant was supposed to secure his own counsel and has had full opportunity to hire an attorney, he having had the money to do so. Defendant is in Court without an attorney and entered a plea of guilty to the charge ***************."

He was thereafter adjudged guilty and waived the statutory waiting period for sentencing and was sentenced to not more than 10 nor less than 8 years in the Arizona State Penitentiary.

The defendant brought an appeal and the Superior Court below, finding that defendant was "now indigent", appointed an attorney to represent defendant in processing his appeal.

Defendant assigns as error that being indigent he was entitled as a matter of right to have the trial court appoint an attorney to represent him on the basis of Rule 163, Rules of Criminal Procedure, 17 A.R.S., and Article 2 Section 24 of the Arizona Consti-

**44**

tution, A.R.S. On the basis of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), defendant indicates that the Court's failure to appoint an attorney deprived him of his constitutionally guaranteed right to counsel.

Rule 163 states:

"Before the defendant is arraigned on a charge of felony, if he is without counsel, the court shall ask him if he desires the aid of counsel and if he answers in the affirmative, and declares, under oath, that he has no means to employ counsel, the court shall assign counsel to represent him in the action." RULES ON CRIMINAL PROCEDURE 163, 17 A.R.S.

Article 2, Section 24 states:
"In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel * * *." Ariz.Const. Art. 2, § 24.

In the case of Gideon v. Wainwright, supra, the United States Supreme Court in applying the 14th Amendment to the state courts, held that the right of an indigent defendant in a criminal trial to have the assistance of counsel, is a fundamental right, essential to a fair trial. It should be noted, however, in the Gideon v. Wainwright case, that the defendant was found to be an indigent, and the court, knowing him to be indigent, stated to Gideon (at page 337 of 372 U.S. 335, at page 792 of 83 S.Ct. 792):

"The Court: Mr. Gideon, I am sorry, but I cannot appoint Counsel to represent you in this case. Under the laws of the State of Florida, the only time the Court can appoint Counsel to represent a Defendant is when that person is charged with a capital offense."

Because of this, appellant Edwards would have this court believe that when a defendant is charged with a felony and desires an attorney to represent him, he is automatically entitled to demand and receive court appointed counsel, and that a refusal to do so deprives him of due process of law.

We cannot agree. We have no quarrel with defendant's contention that he is entitled to appointed counsel so long as he is indigent. But such is not the case here. There is no evidence that defendant was in fact indigent. On the contrary, the minute entry indicates that the defendant was sworn and examined as required by Rule 163 of the Rules of Criminal Procedure and found by the court not to be an indigent. The law is now well settled that an accused felon must be provided with an attorney if he has insufficient means to employ his own, Gideon v. Wainwright, supra. This rule cannot be extended to justify similar demands by non-indigents. They must hire their own counsel or stand the failure.

Defendant has presented this court with no evidence that the trial court erred in determining that he was not in fact an indigent at the time of arraignment. We will presume no error where none has been shown, Mantovani v. Green, 90 Ariz. 376, 368 P.2d 448 (1962), nor will we go behind the record in an attempt to find error.

The burden of showing that a trial court erred in any of its findings or determinations is always upon the appellant, Mantovani (supra). Without a clear showing of what that error was, it will be presumed that the trial judge found the necessary facts to support his findings, Colvin v. Superior Equipment Company, 96 Ariz. 113, 392 P.2d 778 (1964).

We are not called upon in this appeal to answer the question as to what constitutes indigency for the purpose of having counsel appointed by the court. We only find from the record that the defendant was found by the court to be a non-indigent, and we will not go behind that finding in the absence of something in the record to the contrary.

The judgment appealed from is affirmed.

STEVENS, C. J., and DONOFRIO, J., concurring.