511 P.2d 625

STATE of Arizona, Appellee,

v.

Bob CURRY, Appellant.

No. 2424.

Supreme Court of Arizona, In Division.

July 3, 1973.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Thomas W. Foster, Phoenix, for appellant.

444

STRUCKMEYER, Justice.

Appellant was charged by information with first degree rape, tried by jury and found guilty of second degree rape. From the judgment and sentence thereon he appeals.

The reporter's transcript of his trial includes the opening statement by the county attorney, the evidence introduced at the trial, arguments on and rulings of law, the court's charge to the jury, and the jury's rendition of its verdict. A notation is included in the transcript that the defendant and counsel for the state argued the case to the jury. No stenographic notes of these arguments appear to have been made, nor does the record reflect that a request was made by either counsel or the court for the reporter to make stenographic notes of these arguments.

Appellant's contentions are that it was error for the court reporter to fail to make complete stenographic notes of all arguments and that it was unnecessary for him to make a specific request therefor. There is no contention by appellant or his counsel that prejudicial error occurred during the course of the arguments which were not stenographically reported.

In A.R.S. § 12–223, the Legislature prescribed the official duties of court reporters. Paragraph A provides:

"The court reporter shall attend court during the hearing of all matters before it unless excused by the judge. He shall make stenographic notes of all oral proceedings before the court, but unless requested by court or counsel, he need not make stenographic notes of arguments of counsel to a jury, nor of argument of counsel to the court in the absence of a jury."

This section is, of course, addressed to all proceedings in the Superior Courts, criminal and civil in nature.

In 1939, this Court promulgated Rules of Criminal Procedure pursuant to the legislative authorization, Ch. 8, Laws of 1939. By it, the official reporter was directed to stenographically report all oral proceedings in criminal cases before the court. Rules of Criminal Procedure, Rule 252, 17 A.R.S., as then adopted and ever since has provided:

"An official court reporter shall attend the court in all actions prosecuted by indictment or information. The reporter shall stenographically report all oral proceedings before the court, and also any other proceeding in connection with the trial when directed by the court or requested by either party."

However, it is not reversible error for the reporter to fail to make a stenographic report of the arguments.

We have repeatedly held contrary to appellant's contention. Due process of law does not require that all criminal trials be stenographically reported. State v. Moore, 108 Ariz. 532, 502 P.2d 1351 (1972), cert. denied, 412 U.S. 906, 93 S.Ct. 2292, 36 L.Ed.2d 971 (1973); State v. Burrell, 106 Ariz. 100, 471 P.2d 712 (1970); State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968). The United States federal courts have also concluded that the failure to report portions of a criminal proceeding is not itself reversible error. United States v. Long, 419 F.2d 91, 94 (5th Cir. 1969); Edwards v. United States, 374 F.2d 24, 26 (10th Cir. 1966), cert. denied, 389 U.S. 850, 88 S.Ct. 48, 19 L.Ed.2d 120 (1967); United States v. Sigal, 341 F.2d 837 (3rd Cir.), cert. denied, 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965); United States v. Bebik, 333 F.2d 736 (4th Cir. 1964); Brown v. United States, 314 F.2d 293 (9th Cir. 1963).

Judgment affirmed.

HAYS, C. J., and CAMERON, V. C. J., concur.