511 P.2d 693

**In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. J–74449A.**

**I CA–JUV 5.**

Court of Appeals of Arizona,
Division 1, Department B.

July 10, 1973.

Gary K. Nelson, Atty. Gen., by W. Walton Jay and Joseph C. Richter, Asst. Attys. Gen., Phoenix, for appellee.

Quince Dale Hatch, Mesa, for appellant.

HAIRE, Judge.

On this appeal from an order entered by the Maricopa County Superior Court exercising its juvenile jurisdiction in a dependency proceeding, the appellant-mother contends that the evidence was not sufficient to support the court's finding that the appellant's four children were "dependent children in need of care and protection of the court" and its order committing them to "the care, custody, and control of the Maricopa County Department of Public Welfare."

In general, the dependency petition filed in the juvenile court alleged that the children had no parent or guardian capable of or willing to exercise proper and effective parental care over them, that the father's whereabouts was unknown, and that the mother's neglect of them was due to her excessive use of alcohol. On December 6, 1972 counsel was appointed to represent the indigent appellant at the dependency hearing which was reset for December 27, 1972. At the hearing on December 27, 1972 the petitioner did not put on any evidence, but rather relied upon the file of the social service worker assigned to the matter. The appellant herself testified, and also presented one other witness concerning her fitness as a mother. A transcript of the testimony of these witnesses is not available because no court reporter was present at the hearing. The minute

entries made at the time of the hearing indicate that the social service worker who was the petitioner, and prepared the social service report, was present at the hearing, but was not sworn and did not present any testimony.

In a juvenile court dependency proceeding the allegations of the petition must be proved by a preponderance of the evidence. Rule 17(a)(2), Rules of Procedure for the Juvenile Court, 17 A.R.S. We reject petitioner's contention that in a contested hearing this burden can be met by having the court examine the social service worker's file and report. Rule 16, Rules of Procedure for the Juvenile Court, 17 A.R.S.[1] sets forth the procedure which the court must follow in dependency hearings. Subsection (c) governs uncontested hearings where the allegations of the petition are admitted and clearly contemplates that in such uncontested hearings the court may rely upon the social service worker reports mentioned in subsection (a) in making its finding as to dependency and disposition. On the other hand, subsections (d) and (e) govern contested matters, and, in our opinion negate the unfettered use of social service reports in meeting the petitioner's burden of showing dependency. While subsection (e) contemplates that the contested hearing shall be as informal as possible, it specifically precludes informality to an extent which would interfere with

1. Rule 16 provides as follows:

"(a) Prior to a hearing of a neglect or dependency action, the court may examine the social records of any person or agency with reference to the child and make the same available to all interested parties and their counsel prior to the hearing.

"(b) At the hearing, the court shall advise the parties of their right to counsel including appointed counsel if they are indigent, and the court shall inquire of the parents, guardian or custodian, whether they admit or deny the allegations of the petition.

"(c) If the parents, guardian or custodian admit the allegations of the petition, and counsel has been waived, the court shall make its finding as to dependency or neglect and may proceed to a dis-

position of the child in such manner as may be provided by law.

"(d) When counsel is requested or responsibility denied, the court shall hear the matter at a date and time appropriate to the circumstances.

"(e) The conduct of the hearing shall be as informal as the requirements of due process and fairness permit and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury. After the hearing, the court shall state its findings by minute entry or written order. If the court finds that the allegations are sustained by the evidence, the court may proceed with the disposition of the case. If the evidence does not sustain the allegations, the court shall dismiss the petition."

the requirements of due process. In our opinion due process requirements would be severely strained by the procedure suggested which would allow a finding of dependency in a contested hearing without any evidence being introduced. Not only would this be directly contrary to the burden of proof provisions of Rule 17, *supra*, but it would also contravene the provisions of subsection (e) which limit the court's power to proceed with the disposition of the case to those circumstances where the court finds that the allegations of the dependency petition "are sustained by *the evidence*". (Emphasis added). Subsection (e) further provides that "If *the evidence* does not sustain the allegations, the court shall dismiss the petition." (Emphasis added).

██ In view of the foregoing it is our opinion that in a contested dependency hearing the petitioner must introduce evidence adequate to sustain its burden of showing dependency and therefore may not rely upon any documentary reports, files or records which have not been admitted into evidence in accordance with accepted evidentiary procedures.

At this point it would be appropriate to reverse the trial court's adjudication of dependency because of the petitioner's total failure to meet petitioner's burden of proof, were it not for one further contention urged by the petitioner. This contention is that in any event the petitioner's burden of proof was adequately sustained by the testimony of appellant and her witness. Inasmuch as no reporter was present at the dependency hearing, no transcript can be made available to aid this court in determining this question.

██ The superior court is a court of record. Arizona Constitution, Article 6, Section 30, A.R.S. A.R.S. § 8–234 makes the provisions of A.R.S. § 12–223 mandating the attendance of a court reporter at all superior court hearings applicable to juvenile court hearings conducted by a superior court judge. Notwithstanding the rather express language of A.R.S. § 12–223, it has been held that the absence of a court reporter can be waived by the failure to make a timely objection. State v. Curry, 109 Ariz. 443, 511 P.2d 625 (filed July 3, 1973); State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968); State v. Street, 11 Ariz.App. 211, 463 P.2d 106 (1969). In the ordinary civil or criminal appeal a party questioning the sufficiency of the evidence to support the judgment entered by the trial court has the burden of including a transcript of the testimony in the record on appeal so as to furnish a basis for review by the appellate court. Bruno v. San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308 (1953); State v. Edwards, 1 Ariz.App. 42, 399 P.2d 176 (1965). While under the rules governing appeals in juvenile proceedings the appellant is not initially required to include a transcript as part of the record on appeal, *see* Rule 26(c), Rule 27(a)(3) does authorize the Court of Appeals to "order the filing of additional matters . . . including . . . reporters' transcripts or exhibits." In our opinion these procedural differences in appeals from juvenile adjudications do not affect the soundness of the above-stated principle which is applicable in ordinary civil and criminal appeals.

██ Here, the appellant made no objection in the trial court to the petitioner's failure to present evidence, and proceeded to present her own case, thereby waiving her right to request that the dependency petition be denied at the close of the petitioner's case. She also failed to timely object to the absence of a court reporter, thereby making it impossible for this Court to review the testimony presented by her and her witness. In view of the contentions advanced by the petitioner on this appeal, we must presume that the testimony given by appellant and her witness was adequate to sustain the petitioner's burden of proof.

We therefore hold that the appellant has waived the right to question on this appeal the sufficiency of the evidence to support

the finding of dependency and disposition made by the trial judge. The judgment of the juvenile court is affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.