727 P.2d 1070

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. 86192.**

**No. 2 CA–JV 014.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 23, 1986.

Robert K. Corbin, Atty. Gen. by Jay McEwen, Tucson, for Dept. of Economic Sec.

Edith Croxen, Tucson, for minors.

· · Curtis & Cunningham by George Haskel Curtis, Tucson, for natural father.

## OPINION

HATHAWAY, Chief Judge.

This appeal was taken by the father of two minor children from the order of the Pima County Juvenile Court granting the dependency petition filed by the Arizona Department of Economic Security (DES) and finding that a status of dependency exists as to both minors. We reverse.

On August 20, 1985, DES filed a dependency petition as to both of the minor children. As the factual basis for the allegation of dependency made pursuant to A.R.S. § 8–201(11)(a) and (b), the petition recites the following:

> The father moved out of the home in April of 1985 as a result of a request by the mother based upon her belief that the father had been engaging in sexual contact with the minor.... [The minor] has reported that she has been required to masturbate her father while he is in the shower or bathtub. [The other minor] has frequently been present as an observer of this activity.

> The mother has allowed the father to return to the home although his therapy is not complete. It is the opinion of the responsible caseworker that the children are in danger by virtue of the father's residence in the home and the mother's demonstrated inability to protect them.

The minors were taken into temporary physical custody on August 16, 1985, and placed at shelter care, where they remained throughout the pendency of the proceedings. The temporary custody orders were reviewed on numerous occasions and continued by order of the court.

Both the father and the mother appeared and contested the allegations of the dependency petition. Contested hearings were scheduled and continued and, finally, the contested matter was scheduled for July 7, 1986.

■ At the time set for the contested dependency hearing, the mother failed to appear and her attorney informed the court that although she was aware of the time set to hear the matter, she was unable to be present because of transportation problems. Counsel for the father, although he was appointed in April, 1986, moved to continue the matter due to his inability to contact his client who also failed to appear. The court noted that numerous continuances had previously been granted, denied the father's motion to continue and, on motion of the minors which was joined by DES, granted the dependency petition, treating the motion as one for judgment on the pleadings pursuant to Rule 12, Rules of Civil Procedure, 16 A.R.S. Counsel for the father objected to the proceedings and requested that the court receive evidence on the matter. The court noted counsel's objection and entered an order granting the dependency petition, finding that dependency existed as to both minors, placing the minors in the care, custody and control of DES, and continuing the minors' placement in shelter care. For the reasons set forth below, we believe that the trial court erred in granting the dependency petition based solely on the allegations of that petition without the admission of any evidence.

Once a dependency proceeding has been initiated by the filing of a petition, if the parents deny the allegations of the petition, the court must set the matter for hearing. Rule 16(d), Rules of Procedure for the Juvenile Court, 17A A.R.S. Prior to such a hearing, the court may examine the social records and other similar reports with reference to the child and make those records available to all parties pursuant to Rule 16(a). In this case, the parents denied the allegations of the dependency petition and the court did review the social records pertaining to the minor children involved. On appeal, both counsel for the minors and for DES argue that the parents' failure to appear at the contested dependency hearing allowed the court to grant the petition based upon the allegations contained therein. Rule 16(e), Rules of Procedure for the Juvenile Court, states: "After the hearing,

the court shall state its findings by minute entry or written order. If the court finds that the allegations are sustained by the evidence, the court may proceed with the disposition of the case." We do not believe that the allegations contained in a dependency petition may support the granting of such a petition without the admission of testimony or other evidence. Nor is the court's review of records pursuant to Rule 16(a) sufficient to support such an order. The fact that the court is required to hear a contested proceeding upon denial of the petition's allegations and to state its findings implies without question that evidence from which the court may make findings must be presented. As Division One of this court has stated:

> [I]t is our opinion that in a contested dependency hearing the petitioner must introduce evidence adequate to sustain its burden of showing dependency and therefore may not rely upon any documentary reports, files or records which have not been admitted into evidence in accordance with accepted evidentiary procedures.

*In re Maricopa County, Juvenile Action No. J–74449A*, 20 Ariz.App. 249, 251, 511 P.2d 693, 695 (1973). The Arizona Supreme Court has harmonized the provisions of Rule 16(a) and (e) by concluding that "Any party desiring to have the material in the report [reviewed pursuant to Rule 16(a)]

considered by the trial court must follow the procedure for admission of evidence in a civil case." *In re Appeal in Maricopa County, Juvenile Action No. J–75482*, 111 Ariz. 588, 593, 536 P.2d 197, 202 (1975).

In the instant case, we believe that the objection of the father was well taken. At the very least, if the court, in its discretion, deemed a continuance improper, the court should have required DES to present testimony and/or evidence and then should have stated its findings as required by Rule 16(e). In short, we hold that whenever a dependency petition is contested by the denial of the allegations contained therein, the petitioner must present evidence to the court so that it may determine whether the petitioner has met the burden of proving the allegations which form the basis for the dependency proceeding. The juvenile court's order is reversed and the matter is remanded for proceedings consistent with this opinion.

HOWARD, P.J., and FERNANDEZ, J., concur.