NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

YASSER A., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, T.Y., *Appellees*.

No. 1 CA-JV 21-0272
FILED 2-24-2022

Appeal from the Superior Court in Maricopa County
No. JD40547
The Honorable Julie Ann Mata, Judge

**DEPENDENCY VACATED; REMANDED WITH DIRECTIONS**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1        Yasser A. ("Father") appeals the superior court's order finding his daughter, T.Y. ("the child"), dependent as to him based on abandonment.  Father argues that (1) the court abused its discretion by holding an accelerated hearing and proceeding in absentia, (2) his constitutional right to parent was violated, (3) the court's factual findings were insufficient, and (4) the evidence did not and could not support a finding of abandonment or neglect.  The Department of Child Safety ("DCS") agrees that the court's factual findings were insufficient and requests that we remand the matter for the superior court to make the required factual findings.  Because we agree with Father that the record lacks substantial evidence from which the court could find the child dependent as to Father based on abandonment or neglect, we vacate the dependency finding and remand with directions to dismiss the dependency petition.

**FACTS AND PROCEDURAL HISTORY**

¶2        Father and Zahra A. ("Mother") are the married parents of the child, who was born in 2017.  Mother has two children from a prior relationship, born in 2006 and 2007.  The three children lived with Mother, while Father was living and working at the American Hospital in Dubai.

¶3        In February 2021, Mother engaged in physical violence against one of the older children and later physically attacked the children's maternal aunt, which led to Mother's arrest.  DCS took the children into its temporary physical custody, placed the children with the maternal grandmother, and filed a dependency petition.  The petition alleged the children were dependent as to Mother based on abuse and/or neglect stemming from Mother's domestic violence, substance abuse, mental health issues, and failure to provide needed health care for the children.  DCS had not yet located Father, and the petition alleged he had neglected the child due to abandonment and failing to provide for the child's basic needs.

2

¶4          DCS eventually located Father and learned he was "unable to come to the United States because he is not a citizen and does not have natural citizenship."   DCS was therefore unable to complete a full assessment with him, although based on interviews with the children, DCS learned that the children had resided for a time with Father in Dubai, Father was positively attached to the children, and he had expressed love, sensitivity, and protectiveness toward them.  Father also was providing financial support for the child and began participating in weekly supervised video/phone calls with the child.  DCS reported he was "consistent with these visits" and "reported to be understanding and kind during the contact."

¶5          After being located, Father appeared telephonically at every conference/hearing, including an April 27 pretrial conference, at which the court found the children dependent as to Mother; a June 2 continued initial dependency hearing, where Father entered a denial to the allegations in the petition; and a June 30 pretrial conference, at which the court set another pretrial conference for August 24 and set the dependency adjudication hearing for August 31.[1]

¶6          Father failed to appear telephonically at the August 24 pretrial conference, however, and at DCS's counsel's request, and over Father's counsel's objection, the court conducted an accelerated dependency hearing.  At that hearing, the juvenile court admitted DCS's August 9 progress report in evidence.

¶7          The report indicated Father left the child in Mother's care while he resides in Dubai; that although he has previously visited the United States, he was unable to be present for the child's birth and is currently unable to come to this country; and although he "makes an effort to maintain frequent communication with [the child]," the report opines that Father is not yet fully a part of the child's life, as he is "in the action stage of change" and is "trying and actively taking steps to be a part of his daughter's life."   At the hearing, Mother's counsel expressed Mother's generalized concern about the child going to live with Father "in another country."

---

[1]     Meanwhile, DCS contacted the U.S. Embassy and Consulate in California and encouraged Father to contact the U.S. Embassy in the United Arab Emirates (Dubai) "for something in the nature of a home study," but had not "heard back from anyone in that regard."

**¶8**        At the conclusion of the hearing, the court adjudicated the child dependent as to Father. The court found the "allegations of the petition are true by a preponderance of the evidence" and its "findings on factual basis include abandonment," but it did not include any other factual findings.

**¶9**        Father timely filed a notice of appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 8-235, 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

### I.        The Accelerated Hearing and Proceeding in Absentia

**¶10**        Father challenges the superior court's decision to accelerate the continued pretrial conference into a dependency adjudication hearing. He argues the court abused its discretion by holding an accelerated hearing and proceeding in absentia.

**¶11**        We review Father's argument for an abuse of discretion. *See Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 13 (App. 2016); *see also Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 87–88, ¶ 14 (2019) (recognizing that a court's authority to accelerate a termination hearing is discretionary); *State v. Armstrong*, 208 Ariz. 345, 354, ¶ 40 (2004) ("We will not find that a trial court has abused its discretion unless no reasonable judge would have reached the same result under the circumstances." (citation omitted)).

**¶12**        As Father acknowledges, however, the superior court "had the authority" to proceed with the accelerated hearing. *See* Ariz. R.P. Juv. Ct. 50(C)(5); 54(C)(2); *see also* A.R.S. § 8-844(F) (stating that when a parent fails to appear at the dependency pretrial conference and has been instructed of the consequences for failure to appear, the court may decide dependency based on the record and evidence presented). Although a court still can abuse its discretion by taking an action authorized by rule, and it might have been better for the court not to have proceeded with the accelerated hearing here, the decision to do so did not constitute an abuse of discretion under the circumstances presented.

### II.        Father's Constitutional Right to Parent

**¶13**        Father next argues that his constitutional right to parent the child was violated because DCS had no evidence of his "unfitness," and thus it could not "withhold custody" of the child and was instead required

to "turn over the child." However, no evidence in the record shows that DCS is "withholding" the child from Father; in fact, no evidence indicates whether Father has requested that the child be returned to his care or whether she has a passport and the ability to be returned to his care. Father's argument is unsupported by the record.

### III. Sufficiency of the Findings of Fact

**¶14** Father also argues the superior court's order does not contain sufficient findings of fact. The State agrees and suggests we remand the case to the juvenile court for the required findings.

**¶15** In adjudicating a child dependent, the superior court is required to set forth the findings of fact in support of its dependency order. *See* Ariz. R.P. Juv. Ct. 55(E)(3) (requiring the court to "[s]et forth specific findings of fact in support of a finding of dependency and adjudicate the child dependent . . . if the petitioner met the burden of proof"); A.R.S. § 8-844(C)(1)(a)(ii) (requiring the court to provide "[t]he factual basis for the dependency"); *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 295, ¶ 12 (App. 2020) (holding that specific findings of fact in support of a finding of dependency are "mandatory in every dependency proceeding"). "[W]ritten findings, including findings of fact, must include all of the ultimate facts—that is, those necessary to resolve the disputed issues." *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 537, ¶ 15 (App. 2018) (citations and internal quotation marks omitted).

**¶16** The superior court is "in the best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings." *Pima Cnty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987). Accordingly, we will not reweigh the evidence or reassess the credibility of witnesses on appeal. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002). Nonetheless, we review the sufficiency of findings of fact and conclusions of law *de novo* as a mixed question of fact and law. *See Francine C.*, 249 Ariz. at 296, ¶¶ 13–14.

**¶17** Here, the superior court cited no facts, either at the hearing or in its minute entry order, to support the finding of abandonment or a finding of neglect. Instead, the court simply relied on the dependency petition's allegation of abandonment alone as the sole factual basis for finding the child dependent as to Father. Dependency petition allegations alone, without supporting evidence, are insufficient to support a dependency finding. *See Pima Cnty. Juv. Action No. 86192*, 151 Ariz. 359, 361 (App. 1986). Further, we cannot "ignore the requirement of written

findings and simply search the record to uncover ultimate facts the court may have relied upon, or infer findings the court may have made, in reaching [its] decision." *Logan B.*, 244 Ariz. at 538, ¶ 17. Thus, we agree with the parties that the superior court's dependency finding cannot, on this record, be sustained. Accordingly, we vacate the court's finding of dependency.

IV.     Remand with Directions

**¶18**          Normally, at this point, we would remand the case for the superior court to determine whether DCS has met the burden of proving the allegations that form the basis for the dependency proceeding and to make the requisite factual findings, as suggested by DCS. *See Juv. Action No. 86192*, 151 Ariz. at 361; *see also Francine C.*, 249 Ariz. at 298, ¶ 25 n.3 ("Although a parent cannot waive the juvenile court's obligation to make the required findings, nothing prevents a party from asking this court to suspend the appeal and revest jurisdiction in the juvenile court for the limited purpose of allowing the court to make the required written findings." (citations and internal quotations omitted)). However, our review makes clear that the record contains no substantial evidence to support the juvenile court's legal conclusion that the child was dependent as defined by A.R.S. § 8-201(15)(a), either through abandonment or neglect. *See* A.R.S. § 8-201(1), (25)(a).

**¶19**          DCS maintains that its petition includes "numerous" factual allegations that would constitute ultimate facts supporting a finding of dependency. However, the only document admitted into evidence was the August 9 progress report, which indicated DCS had not yet been able to fully assess Father's relationship with the child, and to the extent DCS had done so, DCS had realized that Father was providing financial support and having regular visits with the child. The report also contained the initial allegations of abandonment and neglect, but mere unsupported allegations alone are insufficient for a dependency finding. *See Juv. Action No. 86192*, 151 Ariz. at 361. Moreover, relying on the fact that the federal government will not currently allow Father to come to the United States to visit the child or bring her back to Dubai as a basis for DCS, a state government agency, to claim she is dependent as to Father because he has not seen the child in person for an extended period of time puts Father in a governmental Catch-22. Given the record before us, or lack thereof, remanding for the superior court to make findings would be futile. Accordingly, we remand with directions for the superior court to dismiss the dependency petition.

## CONCLUSION

**¶20** For the foregoing reasons, we vacate the superior court's finding of dependency. Further, because we agree with Father that the record lacks substantial evidence from which the court could find the child dependent as to Father based on abandonment or neglect, we remand with directions to dismiss the dependency petition.



AMY M. WOOD • Clerk of the Court
FILED: AA