451 P.2d 609

Jesus RODRIQUEZ and Anita Rodriquez, husband and wife, Appellants [Respondents],

v.

Donald Milo WILLIAMS and Billie June Williams, husband and wife; and Navajo Freight Lines, Inc., a corp'n, Appellees [Petitioners].

No. 9452–PR.

Supreme Court of Arizona, In Banc.

March 13, 1969.

Charles Christakis, Phoenix, for appellants.

McKesson, Renaud, Cook, Miller & Cordova, Phoenix, for appellees.

UDALL, Chief Justice:

Plaintiffs sued defendants for personal injuries received in an automobile accident. A jury rendered a verdict in favor of defendants, and plaintiffs appealed to the court of appeals where the case is docketed as # 1 CA–CIV 890.

Shortly thereafter, the trial judge informed counsel for both parties that the superior court clerk had inadvertently destroyed all of the exhibits in the case. Plaintiffs promptly moved for a new trial. The trial judge properly denied the motion for the reason that his jurisdiction ceased upon perfection of the appeal. This principle is well settled in Arizona. State v. Ruben Federico, 104 Ariz. 49, 448 P.2d 399. Any other rule would permit a trial court

and an appellate court to consider the same case at the same time. This would make it possible for the trial court to award a new trial on the same day that the appellate court affirmed the judgment. A rule allowing such a result would be workable.

Appellants then filed a motion for a new trial in the court of appeals, alleging that the destruction of the exhibits was not due to any fault on their part; that the exhibits were material and essential to their appeal; and that they could not be replaced. Appellees resisted the motion, citing Yerger v. Bross, 68 Ariz. 104, 201 P.2d 121, for the proposition that an appellate court's jurisdiction on appeal is confined to reviewing judgments of lower courts; that a motion for a new trial is an original rather than an appellate proceeding; that an appellate court, therefore, has no jurisdiction to hear a motion for a new trial.

■ In so far as Yerger, supra, holds that a motion for a new trial is not a proper pleading to file in an appellate court, we agree. State v. Davis and Sturgeon, 104 Ariz. 142, 449 P.2d 607. The reason for this rule is that an appellate court is neither equipped, nor intended, to function as a forum for hearing evidence or determining issues of fact. Such proceedings properly belong in the trial court.

■ However, it does not follow from Yerger, supra, that there is no remedy for an appellant who finds that after perfecting his appeal, there is newly discovered evidence, as in Davis, supra, or that parts of the record are missing, as in the instant case. The appellate courts of this state were created by the Arizona Constitution, Articles 6(4) and 6(9), A.R.S., to hear and decide appeals, and they have inherent power to make any orders necessary to carry out those functions. In the now famous words of John Marshall, in M'Culloch v. Maryland, 4 Wheat 316, 421, 4 L.Ed. 579, 605:

"Let the end be legitimate, let it be within the scope of the constitution, and all means which are appropriate, which are plainly adapted to that end, which are not prohibited, but consist [sic] with the letter and the spirit of the constitution, are constitutional."

The Supreme Court of Delaware states the principle in these words:

"Our jurisdiction over a case tried below attaches when the appeal is filed. We have the power, we think, to order such further proceedings as may insure the completion or re-taking of the lost testimony in order to protect our jurisdiction and to protect the appellant's right of appeal, temporarily impaired by no fault of her own." Moore v. Moore, Del., 1 Storey 258, 144 A.2d 765 (1958).

What, then, is a litigant's remedy when, because of new evidence or because of a loss of an essential part of the record, his appeal will not be able to give him justice?

■ In a criminal case, he should file in the court in which the appeal is pending, a motion to suspend the progress of the appeal and to reinstate the trial court's jurisdiction over the case for the limited purpose of hearing evidence, making findings, and entering an order granting or denying a new trial. As we said in State v. Sims, 99 Ariz. 302, 409 P.2d 17:

"Our order directing the superior court to determine the supplementary motion for a new trial was a remand for a limited purpose and reinstated the jurisdiction in the superior court to take the necessary and appropriate action."

In a civil case, the situation is somewhat different. The prevailing party in the lower court has won the case. We cannot lightly deprive him of his victory. R.C.P. 59(d), 16 A.R.S., requires that a motion for a new trial in a civil case be filed within 10 days (except when based upon new evidence, in which case it must be filed before the expiration of the time allowed for appeal).

On the other hand, while the appellee has won a valuable right, the appellant's right to a meaningful appeal, is also valuable. When an essential part of the record has been lost without any fault on the part of

the appellant, a refusal to grant relief is final and irrevocable and there is no way that the appellant can rectify an erroneous judgment. Obviously, no matter which way this court decides the case, one party's justice is going to be less than complete. But that result is due to the losing of the record, not to our failure to render a just decision.

There are many ways that parts of the trial record can become unavailable. The courthouse may burn down. The court reporter may die or become disabled. The clerk may, by mistake, destroy the exhibits, as in the instant case. When such occurrences are clearly proved, the appellant is entited to all the relief possible. In some cases, the missing parts may not be essential. In other cases, it may be possible to reconstruct the lost parts by stipulation or findings, pursuant to R.C.P. 75(h). All of these situations involve facts concerning which evidence must be taken, and findings made. Perhaps some witnesses may be recalled, if a point arises upon which the parties cannot agree and the trial judge cannot remember. All such procedure can best take place in the trial court, which has lost jurisdiction because of the filing of the appeal.

The proper procedure, therefore, is to file in the court in which the appeal is pending, a motion to suspend the progress of the appeal and to reinstate the trial court's jurisdiction over the case for the limited purpose of reconstructing the record. Appellant should attach to his motion, a verified statement of facts showing his right to such relief. Among such facts would be the cause of the loss of the record, the materiality of the lost items, the impossibility of reproducing them, etc.

If the motion is granted, the trial court should assist counsel to overcome the loss of the missing records, and should determine whether the allegations in appellant's statement are true and sufficient, whether he has properly cooperated in the attempt to reconstruct the record, etc.

We have frequently held that we prefer to determine cases on their merits rather than on points of procedure. Colboch v. Aviation Credit Corp., 64 Ariz. 88, 166 P.2d 584. We have also held that we look to substance rather than to form. Goodman v. State, 96 Ariz. 139, 393 P.2d 148. We, therefore, can and do treat the motion for a new trial filed in the instant case, as a motion to suspend the progress of the appeal and to reinstate the trial court's jurisdiction over the case for the limited purpose of reconstructing the record. If the record cannot be supplied and appellant cannot present a meaningful appeal then, consistent with our views expressed in Yerger v. Bross, supra, the appeal must be dismissed.

The case is remanded to the court of appeals for the entry of an order consistent with this opinion.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.