NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN THE MATTER OF PATRICIA E.

No. 1 CA-MH 15-0075
FILED 3-31-2016

Appeal from the Superior Court in Yuma County
No. S1400MH200900049
The Honorable John Neff Nelson, Judge

**AFFIRMED**

COUNSEL

Elizabeth Brown, Attorney at Law, Goodyear
By Elizabeth Brown
*Counsel for Appellant*

Yuma County Attorney's Office, Yuma
By Theresa W. Fox
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Acting Presiding Judge John C. Gemmill and Judge Samuel A. Thumma joined.

IN RE: PATRICIA E.
Decision of the Court

**D O W N I E**, Judge:

¶1 Patricia E. ("Appellant") appeals an order for involuntary mental health treatment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 An Application for Emergency Admission was filed on June 23, 2015, alleging that Appellant — who had been subject to court-ordered treatment since July 2014 — had stopped taking her medication, was talking to herself, and had become increasingly aggressive toward family members. *See* Ariz. Rev. Stat. ("A.R.S.") § 36-524 (application for emergency admission for evaluation). A petition for court-ordered treatment followed. After an evidentiary hearing, the superior court concluded Appellant was "persistently or acutely disabled and in need of treatment" and ordered her to undergo "combined inpatient treatment and outpatient treatment" not to exceed one year in duration.

¶3 Appellant timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(10)(a) and 36-546.01.

## DISCUSSION

¶4 Appellant presents one argument on appeal: that the treatment order must be vacated because there is no transcript of the involuntary commitment hearing, and the audio recording system used to memorialize the hearing failed.[1] Appellant contends the lack of a transcript or a reliable means of creating one "is in violation of Arizona's involuntary commitment statute and because the statutory requirements were not strictly met, the [treatment] order should be reversed."

---

[1] The appellate record includes a letter from the Yuma County Superior Court's Supervising Court Reporter stating:

> I have listened to the FTR [For the Record] recording provided to me by the clerk's office in the above-referenced matter and have determined that I cannot produce a transcript from the recording. Most of the recording is inaudible due to a technical malfunction of unknown origin. It is my understanding that counsel have [listened] to the recording and arrived at the same conclusion.

¶5          Arizona Revised Statutes § 36-539(E) governs hearings on petitions for court-ordered treatment and provides:

> A verbatim record of all proceedings under this section shall be made by stenographic means by a court reporter if a written request for a court reporter is made by any party to the proceedings at least twenty-four hours in advance of such proceedings.  If stenographic means are not requested in the manner provided by this subsection, electronic means shall be directed by the presiding judge.  The stenographic notes or electronic tape shall be retained as provided by statute.

Appellant does not contend she requested a court reporter, and the presiding judge did not fail to direct recording by electronic means, as the statute requires.[2]

¶6          In *Rodriquez v. Williams*, the superior court clerk inadvertently destroyed all trial exhibits after the jury rendered its verdict. 104 Ariz. 280, 281 (1969).  The Arizona Supreme Court identified the issue before it as: "What, then, is a litigant's remedy when, because of new evidence or because of a loss of an essential part of the record, his appeal will not be able to give him justice?"  *Id.* at 282.  In civil cases, the court held:

> The proper procedure . . . is to file in the court in which the appeal is pending, a motion to suspend the progress of the appeal and to reinstate the trial court's jurisdiction over the case for the limited purpose of reconstructing the record. Appellant should attach to his motion, a verified statement of facts showing his right to such relief.  Among such facts would be the cause of the loss of the record, the materiality of the lost items, the impossibility of reproducing them, etc.

*Id.* at 283.

¶7          Appellant did not request a new hearing in the superior court.  Nor did she pursue remedies available to her under Arizona Rule of Civil Appellate Procedure 11 to recreate the 30-minute evidentiary

---

[2]      The minute entry from the commitment hearing states that "a transcript of the FTR Gold Audio Recording shall be the official record of this proceeding."

hearing in a manner adequate for appellate review. Rule 11(d) states that "[i]f no transcript of oral proceedings is available, the appellant may prepare and file a narrative statement of the evidence or proceedings from the best available source, including the appellant's recollection." And Rule 11(e) permits the parties to "prepare an agreed-upon statement that contains the evidence or proceedings that are essential to a decision of the issues presented by the appeal." Had Appellant unsuccessfully sought a new hearing or pursued relief under Rule 11 to no avail, our analysis would differ. But a litigant cannot bypass such potentially curative measures and instead seek outright reversal of the underlying judgment. *See Rodriquez*, 104 Ariz. at 283.

**¶8** The cases Appellant cites do not compel a contrary conclusion and, in any event, are decisions by this Court that cannot limit or overrule *Rodriquez*. *See State v. Sullivan,* 205 Ariz. 285, 288, ¶ 15 (App. 2003) (Court of Appeals is constrained by decisions of Arizona Supreme Court and may not overrule, modify, or disregard them).

**¶9** *In re Pima County Mental Health No. MH20130801* dealt with a psychiatric evaluation that did not comply with substantive statutory requirements. 237 Ariz. 152, 153, ¶ 1 (App. 2015). In violation of A.R.S. § 36-543(D), the evaluating physician performed only a "chart review" and did not speak with the patient. *See id.* at 154, ¶¶ 5–6. Under those circumstances, we vacated the treatment order because the statutory requirements had not been "strictly met." *Id*. at 155, 157, ¶¶ 13, 26.

**¶10** Unlike *Pima County*, the appellate record we *do* have in this case reflects adherence to substantive statutory requirements, and Appellant does not suggest any deficiency besides the missing recording. After Appellant's attending physician petitioned for inpatient evaluation, two psychiatrists conducted evaluations and submitted affidavits. Both concluded Appellant was persistently or acutely disabled and, because of her unwillingness to engage in voluntary psychiatric services, required court-ordered treatment. Appellant received notice of the commitment hearing and was represented by counsel. *See A.R.S. § 36-536; cf. In re MH 2006-000023*, 214 Ariz. 246, 247, ¶ 1 (App. 2007) (commitment order vacated for lack of timely notice). She stipulated to the affidavits of the two evaluating psychiatrists, two acquaintance witnesses testified, her counsel cross-examined witnesses, and she addressed the court. *Cf. Coconino Cty. No. MH 1425*, 181 Ariz. 290, 292–93 (1995) (order vacated because evidence at involuntary commitment hearing did not include testimony of two evaluating physicians and two or more witnesses acquainted with patient). The court found by clear and convincing

evidence that Appellant was persistently or acutely disabled and in need of continued treatment.

**¶11** Appellant's reliance on *In re Jesse M.*, 217 Ariz. 74 (App. 2007), is similarly unavailing. In *Jesse M.*, we considered the trial court's instruction to the court reporter to "not take down" comments by Jesse M. after he engaged in several outbursts. *Id.* at 81, ¶ 36. We held that the court lacked discretion "to disregard the statutory requirement for a verbatim record." *Id.* at 82, ¶ 38. We concluded, though, that the failure to strictly comply with the statutory requirement was harmless error. *Id.* at ¶ 39. We also observed that Jesse M. "did not seek a new trial for any resulting transcript omission" or suggest on appeal "that the court reporter omitted one or more statements that were pertinent to some portion of the proceeding." *Id.*

**¶12** As in *Jesse M.*, Appellant did not request a new hearing in the superior court, file other post-hearing motions, or seek to recreate the relatively brief commitment hearing under Rule 11. Under these circumstances, we conclude she is not entitled to reversal of the involuntary treatment order.

## CONCLUSION

**¶13** For the reasons stated, we affirm the judgment of the superior court.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama