IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN THE MATTER OF COLTON P.

No. 1 CA-MH 16-0026
FILED 5-18-2017

Appeal from the Superior Court in Navajo County
No. S0900MH201600024
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

Emery K. LaBarge, Attorney at Law, Snowflake
By Emery K. LaBarge
*Counsel for Appellant*

Navajo County Attorney's Office, Holbrook
By Jason S. Moore
*Counsel for Appellee*

## OPINION

Chief Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco[1] joined.

**B R O W N**, Chief Judge:

¶1        Colton P. ("Appellant") appeals the superior court's order committing him to a period of psychiatric treatment.  For the following reasons, we affirm.

## BACKGROUND

¶2        In April 2016, the Pineview Hospital medical director petitioned the superior court for court-ordered evaluations, alleging that Appellant was a danger to himself, a danger to others, persistently and acutely disabled, and in need of treatment.  Finding reasonable cause, the court ordered that Appellant be evaluated.

¶3        Following the evaluation, the Pineview medical director petitioned for court-ordered treatment.  The physician affidavits supporting the petition described Appellant as having an impulse disorder, which caused him to have poor judgment and insight regarding his treatment needs.

¶4        The superior court scheduled an evidentiary hearing on the petition and directed that a digital recording be made of the proceeding.  At the April 28 hearing, the court heard testimony from witnesses and admitted several exhibits, including the affidavits signed by the two physician witnesses and Appellant's Individual Service Plan ("ISP").  The ISP described Appellant's history of a suicide attempt and physical violence against his parents, and stated he had run away from his previous placement and into traffic.  The physician affidavits stated Appellant had two reported traumatic brain injuries as a child and that he has an impulse disorder.  Following the hearing, the court found Appellant needed

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

treatment as set forth in the petition. The court ordered Appellant to undergo a combination of inpatient and outpatient treatment not to exceed one year in total duration, with the inpatient treatment not to exceed 180 days.

¶5          Appellant timely appealed. In attempting to prepare a transcript of the April 28 hearing, however, the Navajo County Transcription Coordinator reported the digital recording was inaudible because it had too much "background and feedback" noise. Appellant then filed a motion asking us to remand the case to the superior court for a "new hearing." We issued an order staying the appeal and directing the superior court to settle the record pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 11. After conducting a hearing, the court issued a minute entry outlining the recollections of counsel and the court as to the evidence presented at the April 28 hearing. We now consider the merits of the appeal based on the record before us.

## DISCUSSION

¶6          Appellant's sole argument on appeal is that the superior court failed to substantively comply with the statutory requirement that it hear testimony from two acquaintance witnesses, because there is no transcript of the witnesses' testimony from the commitment hearing. Appellant does not raise any substantive argument regarding the content of the witnesses' testimony or otherwise challenge the sufficiency of the totality of the evidence presented at the hearing.

¶7          We review questions concerning the application of statutes de novo. *In re MH 2007-001236*, 220 Ariz. 160, 165, ¶ 15 (App. 2008) (citations omitted). Statutory requirements concerning civil commitment are strictly construed to protect the liberty interests of those involved. *Id.* (citation omitted). At a hearing on a petition for court-ordered treatment, Arizona law requires that the evidence presented include "the testimony of two or more witnesses acquainted with the patient at the time of the alleged mental disorder." Ariz. Rev. Stat. ("A.R.S.") § 36-539(B). Regarding the transcription of hearings on petitions for court-ordered treatment, A.R.S. § 36-539(E) provides:

> A verbatim record of all proceedings under this section shall be made by stenographic means by a court reporter if a written request for a court reporter is made by any party . . . . If stenographic means are not requested . . . , electronic means shall be directed by the presiding judge.

¶8            Our supreme court has held that when a portion of the record is destroyed or unavailable, the proper procedure "is to file in the court in which the appeal is pending, a motion to suspend the progress of the appeal and to reinstate the [superior] court's jurisdiction over the case for the *limited purpose of reconstructing the record*." *Rodriguez v. Williams*, 104 Ariz. 280, 283 (1969) (emphasis added).  The superior court should then "assist counsel to overcome the loss of the missing records[.]" *Id.*  Further, where no transcript is available for appellate review, "the appellant may prepare and file a narrative statement of the evidence or proceedings from the best available source, including the appellant's recollection."  ARCAP 11(d).  The narrative statement must then be reviewed and approved by the superior court judge. *Id.*

¶9            On remand in this case, the superior court held a hearing to reconstruct the record.  During this hearing, at which Appellant's trial and appellate counsel were both present, the court noted that at the April 28 evidentiary hearing on the petition **"two lay witnesses, Devon Lawrence and Barbara Stone . . . testified regarding their observations of behavior by [Appellant]."**  The court also listed the physician witnesses and referenced the exhibits that had been admitted.  Nevertheless, Appellant asserts on appeal that the parties "did not stipulate to any of the record" and that "no evidence . . . was presented from two acquaintance witnesses," as required by A.R.S. § 36-539(B).

¶10           Contrary to this contention, at the hearing called to reconstruct the record, Appellant's trial counsel responded to the court's summary of the evidence and witnesses by indicating he did not have any objection to the exhibits and he was "in agreement with who testified."  Appellant's trial counsel also had the opportunity to add to the record his recollection of the testimony and evidence presented at the original hearing; but neither party discussed the content of the lay witnesses' testimony.  Further, the court asked multiple times whether there was anything else the parties wished to add to the record.  Neither Appellant's trial counsel nor appellate counsel noted any deficiencies in the record or asked to reconstruct the testimony of the lay witnesses.  Appellant's trial counsel could have supplemented the record with his own recollection of the testimony, but did not do so. *See* ARCAP 11(d).

¶11           "It is the appellant's burden to ensure that the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised." *Blain v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010) (internal quotations and citation omitted).  This is because we are unable to determine the validity of an appellant's contention when we

cannot review the evidence upon which the appellant relies. *Cf. Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (stating appellate courts prefer to decide cases on their merits, rather than on procedural grounds). But when portions of a trial record are not available because they no longer exist, the appellate court should reinstate the superior court's jurisdiction for reconstruction of the record and thereby provide the appellant a reasonable opportunity to pursue the appeal. *See Rodriguez*, 104 Ariz. at 282-83. However, it is not the superior court's responsibility to independently reconstruct the record for the appellant, but only to "assist" the parties in doing so, pursuant to the appellant's available remedies under Rule 11. *See id.*; *see also* ARCAP 11(d).

**¶12** Appellant suggests the superior court failed to follow our order requiring it to transmit its "written findings and/or the reconstructed materials" to this court. The superior court, however, was not required to make any specific findings or provide additional materials. The verbatim discussion between the superior court and counsel is reflected in the reconstruction hearing transcript and is summarized in the court's minute entry. The transcript and minute entry constitute "reconstructed materials" as contemplated by ARCAP 11(g).

**¶13** We conclude that the record on appeal in this case, as reconstructed by the parties and the superior court, confirms that the statutory requirement of receiving testimony from two acquaintance witnesses under A.R.S. § 36-539(B) was satisfied.

## CONCLUSION

**¶14** We affirm the superior court's order committing Appellant to a period of combined inpatient and outpatient psychiatric treatment.



AMY M. WOOD • Clerk of the Court
FILED:  AA