NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JAVIER MILLAN VEGA, *Petitioner/Appellant*,

*v.*

MANUELA ISLAS CIPRES, *Respondent/Appellee*.

No. 1 CA-CV 19-0335 FC

FILED 01-28-2020

Appeal from the Superior Court in Maricopa County
No. FC2018-007113
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Michael L. Gertell LLC, Phoenix
By Michael L. Gertell
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

**C R U Z**, Judge:

¶1          Javier Millan Vega ("Father") appeals from the superior court's Decree of Dissolution of Marriage.[1]  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2          Father and Mother were married in March 2008 and have three minor children together.  Father filed for divorce in September 2018, and the court held an evidentiary hearing in March 2019.[2]  The court entered a Decree of Dissolution of Marriage shortly after.  The court found that during the marriage, Father was the primary wage earner and Mother worked to supplement the family's income.  The court also found that Mother had the majority of responsibility for the children, which included caring for their child with complex medical needs.

¶3          Accordingly, the court ordered that the children live primarily with Mother, and it granted Father parenting time every

---

[1]     Manuela Islas Cipres ("Mother") did not file an answering brief, which we may, in our discretion, deem a confession of reversible error. *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007).  We decline to exercise our discretion to do so.

[2]     In his opening brief Father explains there is no record of the March 2019 evidentiary hearing due to some likely audio recording error by the superior court.  When the record of proceedings is unavailable for some unexpected reason, the proper procedure "is to file in the court in which the appeal is pending, a motion to suspend the progress of the appeal and to reinstate the [superior] court's jurisdiction over the case for the *limited purpose of reconstructing the record*."  *Rodriquez v. Williams*, 104 Ariz. 280, 283 (1969) (emphasis added).  Here, Father did not so request.  Therefore, in the absence of a transcript, we assume the record supports the superior court's findings.  *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

weekend. Additionally, the court granted Mother $400 per month in child support and $800 per month in spousal maintenance for a term of thirty-six months.

¶4 Father timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1).

## DISCUSSION

¶5 Father argues the court incorrectly determined Father's and Mother's incomes when calculating spousal maintenance and child support, and the income the court attributed to both parties was not supported by the evidence. The superior court is in the best position to properly calculate an award of spousal maintenance and child support, and it is given broad discretion in determining what is a reasonable amount. *Ruskin v. Ruskin*, 153 Ariz. 504, 507 (App. 1987); *Nash v. Nash*, 232 Ariz. 473, 478, ¶ 16 (App. 2013). We view the evidence in the light most favorable to upholding the superior court's findings, and absent an abuse of discretion, we will uphold those findings if supported by any reasonable evidence. *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987); *Sherman v. Sherman*, 241 Ariz. 110, 112-13, ¶ 9 (App. 2016).

I. Father's Income

¶6 Father contends that he historically earned a significantly lower income than the court attributed to him. The court found Father's earning ability to be $35 per hour full time or $72,240 annually. Father argues there is insufficient evidence to support the court's finding that he had the ability to earn $72,240 annually, as the most Father has ever earned was $64,680 with his previous employer, Steel Placers, in 2018. However, Father does not contest that he was working full time and earning $35 per hour with Steel Placers, until he left that employment mid-year for a lower-paying job. Father alleged he left this job due to health reasons, including diabetes and back problems, and that he was currently only capable of earning minimum wage.

¶7 A court may decline to attribute income to an individual if that person is physically disabled. *Sherman*, 241 Ariz. at 113, ¶ 12. However, here, the court believed Father to be underemployed and "financially motivated" to maintain that status as a result of these proceedings, and it did not find him to be credible in regard to the reasons he left his employment with Steel Placers. Father failed to present credible evidence, such as medical documentation, to support his claim that he was physically unable to earn more than minimum wage. The court noted that

Father testified he presently was involved in physical, construction-related work, which was similar to the work he had performed at Steel Placers. Father also did not include his most recent pay stubs in his Affidavit of Financial Information ("AFI"), and while Father's opening brief concedes he earned $64,680 in 2018, Father's AFI states his gross monthly pay with Steel Placers was only $2,980.78. Thus, it was appropriate for the court to conclude that Father was not completely forthcoming in his testimony regarding employment and earning abilities. *See Goats v. A.J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 171 (1971) ("The trial court is in the best position to judge the credibility of the witnesses, the weight of evidence, and also the reasonable inferences to be drawn therefrom.").

¶8 Reasonable evidence in the record supports the court's finding that Father was voluntarily underemployed. When an individual is found to be underemployed or working below his full earning capacity, the superior court may attribute his prior income to him in calculating spousal maintenance and child support. *See Pullen v. Pullen*, 223 Ariz. 293, 299, ¶ 26 (App. 2009); *see also Little v. Little*, 193 Ariz. 518, 521, ¶ 6 (1999). On this record, the court did not abuse its discretion in finding that Father had the ability to earn $35 per hour, or $72,240 annually.

II.    Mother's Income

¶9 Father next argues that the court abused its discretion in calculating Mother's gross income. The court found that Mother had the ability to work thirty hours per week at $11.50 per hour. Father argues that Mother regularly worked forty hours per week and had listed $1,907.67 for her gross monthly income on her Proposed Resolution Statement. However, the court found that Mother would have the majority of responsibility for the children, and Father worked in Tucson, which precluded him from assisting Mother during the week. Further, one of the children has complex medical needs for muscular dystrophy, epilepsy, asthma, dysphagia and feeding disorder with G Tube dependent feeding, and bilateral hearing loss. The court found that under these circumstances, Mother would be precluded from working a full-time schedule. We find no abuse of discretion in the court's findings relative to Mother's earning capacity.

III.   Social Security Payments

¶10 Father also argues that the court erred in its consideration of social security payments Mother received when determining child support. "The superior court has broad latitude to fashion an appropriate award of

child support." *Nash*, 232 Ariz. at 478, ¶ 16. We will uphold the award unless it is "devoid of competent evidence." *Jenkins v. Jenkins*, 215 Ariz. 35, 37, ¶ 8 (App. 2007) (citation omitted) (internal quotation marks omitted).

**¶11** Mother receives monthly social security payments for one of the parties' children, and the court appropriately deviated from the Arizona Child Support Guidelines ("Guidelines") to account for these payments. The court found that under the Guidelines, Father would be obligated to pay $610 per month for all three of their children. However, because Mother receives social security payments to provide for one of their children, the court reduced Father's obligation by one-third, to the amount of $400 per month.

**¶12** Father claims that the court erred because it did not deduct the actual amount of the social security payment from $610 when computing Father's child support obligation. However, Mother receives the social security payments to provide for the needs of only one of the children; the payments do not account for the needs of the other two children. Thus, the court credited the social security payments appropriately.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm. Father requests his reasonable attorneys' fees and costs on appeal. In the exercise of our discretion, we decline to grant his request.



AMY M. WOOD • Clerk of the Court
FILED:
HB